UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                       Case No.: 8:15-CR-422-T-24JSS

RAMIRO ARTURO GARCIA TRUJILLO
_____:

### **DEFENDANT RAMIRO ARTURO GARCIA TRUJILLO'S SENTENCING MEMORANDUM**

COMES NOW, the undersigned counsel, on behalf of the Defendant, Ramiro Arturo Garcia Trujillo (Garcia), and herein files his sentencing memorandum which encompasses all remaining legal and factual objections, a section 3553 analysis, requests for mitigation, sentencing suggestions, and miscellaneous sentencing issues and, in support of said issues, states as follows:

I.   GENERAL CASE FACTUAL BACKGROUND

   A.   Case History:

   A Two Count Indictment was filed on October 8, 2015, charging Ramiro Arturo Garcia Trujillo and two co-defendants.  Count One charged conspiracy with intent to distribute five kilograms or more of cocaine, while aboard a vessel subject to the jurisdiction of the United States, in violation of Title 46, U. S. C., sections 70503(a), section 70506(a) and (b), and Title 21, U. S. C., section 960(b)(1)(B)(ii).  Count Two charged possession with intent to distribute five kilograms or more of cocaine, while aboard a vessel subject to the jurisdiction of the United States, in violation of Title 46, U. S. C. sections 70503(a) and

70506(a); Title 21, U. S. C. 960(b)(1)(B)(ii); and Title 18, U. S. C. section 2. On January 11, 2016, Mr. Garcia entered a guilty plea to Count One, the conspiracy charge, pursuant to a written plea agreement. On January 12, 2016, the guilty plea was accepted by United States District Court Judge Susan C. Bucklew who also adjudicated Mr. Garcia guilty. Mr. Garcia continues to admit his participation in the conspiracy. Mr. Garcia in his separately prepared response to the Pre-Sentence Report (PSR) sets forth his objections and requested changes to the PSR. Mr. Garcia provided to U. S. Probation Office his response to the PSR. Mr. Garcia hereby adopts his response to the PSR dated March 11, 2016, as if fully set forth herein. Mr. Garcia specifically requests that the Court review his March 11, 2016, response to the PSR as the response contains certain positions which Mr. Garcia does not include in this Sentencing Memorandum due to the confidential nature of certain matters.

II.  SENTENCING POSITION

    A.  The Defendant submits that a sentence that is substantially less than the minimum mandatory sentence is reasonable but not greater than necessary to adequately punish the Defendant, avoid unwanted disparity in sentencing, promote the rule of law and protect the community from any future crimes of this Defendant.

        1.  The Defendant respectfully and humbly asks this Court to take note that the Defendant is a first-time and non-violent federal offender with no prior contact with the criminal justice system as a whole.

       a.      The Sentencing Commission has conducted recidivism studies that demonstrate that first-time; non-violent offenders are not likely to recidivate.

       b.      Upon information and belief, a deportation Order has already been or will be filed as to Mr. Garcia. Mr. Garcia will be sent to Colombia upon his release from custody. Therefore, it is highly unlikely that he will ever be in a position to violate United States law.

2. The Defendant respectfully and humbly asks this Court to take note that Mr. Garcia has three minor age children that he supports financially. Mr. Garcia lived with his extended family which tried to survive financially by pulling together their meager incomes. His participation in this matter was done to earn money so that his family could financially survive.

       a.      Sentencing Commission studies show that defendants in these categories are not likely to recidivate.

III. LEGAL ANALYSIS FOR SENTENCING

    A. In light of *United States v. Booker*, 543 U.S. 220 (2005) and *Gall v. United States*, 128 S.Ct. 586 (2007), the Defendant respectfully and humbly suggests this Honorable Court follow a three-step sentencing process in order to reach a reasonable but not greater than necessary sentence:

       1. Determine the applicable advisory federal sentencing guideline range. On July 18, 2014, the United States Sentencing Commission published the preliminary amendment to USSG section 1B1.10 (Reduction in Term of Imprisonment as a Result of Amended Guideline Range", also known as

       Amendment 782. The now approved Amendment 782 lowered the advisory drug quantity base offense level by two (2) levels when the USSG base offense level is less than 450 kilograms of cocaine.

2. Determine whether, pursuant to the Sentencing Commission's policy statements, any departures from the advisory guideline range apply.

3. Determine an appropriate sentence in light of the factors set forth in Title 18 U.S.C. Section 3553(a)(1)(3-7) each of which are to be considered with equal weight by a district court as it gives to the advisory federal sentencing guidelines.

    a. However, it is important to note, that a district court need not rely on the 3553(a) factors detailed above and may instead sentence a defendant below the advisory federal sentencing guidelines on the *sole basis* that it disagrees with the advisory federal sentencing guidelines.

IV. THE EFFECT OF *BOOKER V. UNITED STATES OF AMERICA*

    A. Pursuant to the United States Supreme Court decision of *Booker v. United States of America*, 125 S.Ct. 785 (2005), the Federal Sentencing Guidelines were deemed unconstitutional because their mandatory nature had judges, not juries, finding facts that enhanced the sentence of a defendant. The Supreme Court ruled this conflicted with the Sixth Amendment jury right of a defendant. As a result, the federal sentencing guidelines are now advisory rather than mandatory in nature.

    B. However, despite the decisions of the Supreme Court of the United States in *Booker* and *Gall* reminding all federal district court judges that sentencing

requires individualized attention to each defendant, little immediately changed in federal sentencing according to the statistics on the Sentencing Commission's website.

1. Prior to *Booker*, approximately 64% of all federal cases were sentenced within the guidelines while shortly after *Booker* the number was 61.4%.

    a. Worse still, prior to *Booker* two-thirds of the 38.6% of federal defendants sentenced below the guidelines was the result of government-sponsored motions based upon substantial assistance.

V. THE EFFECT OF *GALL V. UNITED STATES OF AMERICA*

A. Pursuant to the United States Supreme Court decision of *Gall v. United States*, 128 S.Ct. 586 (2007), the Supreme Court once again ordered that broad discretion be restored to federal district judges by stating that the guidelines are <u>not</u> presumed reasonable and thereby allowing federal judges to impose the sentence they deem most appropriate after considering all of the sentencing factors set for in 18 U.S.C. Section 3553(a).

1. Further, any appellate review of a district court decision should be made under the more deferential "abuse of discretion" standard than the previously used "de novo" standard of review.

2. The Supreme Court of the United States again recognized in 2008 and 2009 that lower courts were still placing too much weight and emphasis on the advisory federal sentencing guidelines. In *Spears v. United States*, 129 S.Ct. 840 (2009), the Court emphasized that lower courts are in no way bound to apply the sentencing guidelines, and can impose a sentence lower

5

than the guidelines even if that sentence is based solely on the district judge's disagreement with them:

> **"Even when a particular defendant . . . presents no special mitigating circumstances – no outstanding service to country or community, no unusually disadvantaged childhood, no overstated criminal history score, no post-offense rehabilitation – a sentencing court may nonetheless vary downward from the advisory guideline range . . . The only fact necessary to justify such a variance is the sentencing court's disagreement with the guidelines . . ."**

3. The Supreme Court did not stop with the above critique and in a later decision, *Nelson v. United States*, 129 S.Ct. 890 (2009), it reversed the Fourth Circuit Court of Appeals for affirming a within-guidelines sentence because of the district court's statements at the defendant's sentencing hearing that "the guidelines are considered presumptively reasonable" and that "unless there's a good reason in the 3553(a) factors . . . the guideline sentence is the reasonable sentence."

   a. The Supreme Court explained in *Nelson*:

   > **"The Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable. We think it plain from the comments of the sentencing judge that he did apply a presumption of reasonableness to Nelson's Guideline range. Under our recent precedents, that constitutes error."**

VI.   THE ATTORNEY GENERAL OF THE UNITED STATES' GUIDANCE

The most recent former Attorney General of the United States recently remarked that "As a nation we are coldly efficient in our incarceration efforts." "The Department of Justice is determined to continue…- to explore ways to give judges more flexibility in Determining certain sentences. Too many people go to too many prisons for far too long

6

for no good law enforcement reason. It is time to ask ourselves some fundamental questions about our criminal justice system. Statutes passed by legislatures that mandate sentences, irrespective of the unique facts of an individual case, too often bear no relation to the conduct at issue, breed disrespect for the system, and are ultimately counterproductive."

Additionally, the former Attorney General had instructed the U. S. Attorney's Offices to agree to a two (2) level reduction in the drug quantity base offense level in accordance with the Sentencing Commission's now approved Amendment 782.

VII.  PRE-SENTENCE INVESTIGATION REPORT LEGAL OBJECTIONS

    A.  Mr. Garcia has provided his requested changes and objections to the Pre-Sentence Investigation Report (PSR) to the U. S. Probation Officer. As stated above, Mr. Garcia hereby adopts his response to the PSR as if fully set forth herein. Mr. Garcia for the reasons set forth in his response to the PSR and as set forth in this Sentencing Memorandum should receive a sentence that is substantially less than the minimum mandatory sentence of 120 months.

VIII.  18 U.S.C. SECTION 3553 ANALYSIS

    A.  The Defendant respectfully requests a sentence of substantially less than the minimum mandatory sentence. In partial support, the Defendant points to the Sentencing Reform Act of 1984. It created the Federal Sentencing Guidelines. The purposes of Act were set forth in 18 U.S.C. Section 3553(a). It is in this section that federal district courts are directed to:

> **"impose a sentence sufficient, but not greater than necessary, to comply with . . . the need for the sentence imposed (A) to**

**reflect the seriousness of the offense; (b) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."**

B. Further, Section 3553(a) directs federal district courts to consider the following set of factors when fashioning a defendant's sentence:

1. The nature and circumstances of the offense and the history and characteristics of the defendant; and

2. The kinds of sentences available; and

3. The need to avoid disparities among defendants with similar records who have been found guilty of similar conduct; and

4. The need to provide restitution to any victims of the offense.

C. United States Supreme Court Justice Breyer gave renewed importance to these 18 U.S.C. 3553(a) factors by eliminating the mandatory nature of the guidelines in his majority opinion in *Booker*.

1. Specifically, on page 17, Justice Breyer stated:

**"Despite the absence of Section 3553(b)(1), the Act continues to provide for appeals from sentencing decisions (irrespective of whether the trial judge sentences within or outside the Guidelines range in the exercise of his discretionary power under Section 3553(a) . . . Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing. Those factors in turn will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable."**

D. Now that the guidelines are advisory, the Court is free to utilize 18 U.S.C. Section 3553(a)(1), (3)-(7) in fashioning a reasonable sentence for the Defendant. The sections of particular relevant importance in this matter are:

1. *The need to avoid unwarranted sentencing disparity among defendants with similar records and similar crimes.*

8

      A.      In <u>United States v. Fernandez</u>, 443 F.3d 19 (2nd Cir. 2006), the court held that considering a defendant's history and characteristics, the court should also consider the contention that the defendant made efforts to cooperate, even is those efforts did not yield a government motion for departure.  Also, <u>United States v. Doe</u>, 213 F.App'x 660 (10th Cir. 1997), where the case was remanded because the sentence would be unreasonable if the court failed to take into consideration defendant's efforts to cooperate.  See also, <u>United States v. Japer</u>, 362 F.Supp.2d 365 (D. Mass 2005), a drug case in which a downward departure was granted, in part, because the defendant tried to cooperate repeatedly but had little to offer.  The court stated, "There is something troubling about the extent to which differences in sentencing were driven not by the differences in crime, but by the happenstance of the way the government indicted, the jurisdiction of the indictment, and who ran to cooperate first."

2.    *The nature and circumstances of the offense and the history and characteristics of the defendant.*

      A.      Mr. Garcia entered a guilty plea as to Count One of the Indictment pursuant to a written plea agreement.  The plea agreement contained a waiver of appeal rights as to Mr. Garcia.  It is very likely that at the time of sentencing, that Mr. Garcia will not receive any benefit from the government in consideration of his appeal waiver.  Mr. Garcia requests that the Court consider his

appeal waiver and that the Court lower his USSG level and/or determine a lower sentence based upon his appeal waiver. As stated above, Mr. Garcia hereby adopts his response to the PSR as if fully set forth herein.

IX. SUGGESTED SENTENCING OPTIONS

  A. The Defendant respectfully requests that this Honorable Court grant a variance to the Defendant's total offense level for the reasons stated above and as stated in his response to the PSR and sentence the Defendant as follows: substantially less than the minimum mandatory sentence of 120 months and no fine.

   1. The Defendant respectfully suggests that a sentence that is substantially less than 120 months, is the most appropriate punishment given the totality of circumstances as this type of sentence is reasonable but not greater than necessary to appropriately punish the Defendant and, at the same time, adequately protect the community from the virtually non-existent chance of future crimes of this Defendant given his age, his lack of criminal history, and his entering into a plea agreement with the government, including an appeal waiver. The Government has yet to indicate if it will request that the Court not apply a minimum mandatory sentence.

      a. Further, this type of sentence will allow the Defendant to be more quickly deported to Colombia. He will not be a burden upon the federal prison system. Although, he will live in dire poverty in Colombia he can attempt to find work to try and support himself and his minor children. If sentenced to the severe sentence as

        suggested in the PSR his minor children will continue to have very little means of economic survival.

2. The Defendant respectfully suggests that a sentence that is USSG calculated and that is substantially below the minimum mandatory sentence avoids unwarranted disparities between similarly situated defendants. Furthermore, when Mr. Garcia's level of participation is compared to other defendants, such as, Diego Baez Baez, 8:10-CR-402-T-35TBM, or Ivan Gonzalez Bejarano, 8:06-CR-297-T-23MAP, it is very evident that Mr. Garcia sentence merits a substantial reduction that is several years less than the minimum mandatory.

3. The Defendant submits that this Court can accomplish a sentence that is several years less than the minimum mandatory by utilizing three distinct and separate ways:

    a. Based upon a Title 18 Section 3553 analysis; and/or

    b. Based upon mitigating factors and downward adjustments; and/or

    c. Based upon its own judgment that a guideline sentence is an unreasonable sentence.

        1.) As the Supreme Court said in *Spears*:

> **"Even when a particular defendant . . . presents no special mitigating circumstances – no outstanding service to country or community, no unusually disadvantaged childhood, no overstated criminal history score, no post-offense rehabilitation – a sentencing court may nonetheless vary downward from the advisory guideline range . . . The only fact necessary to justify such a variance is the sentencing court's disagreement with the guidelines."**

X. REQUESTS FOR RECOMMENDATIONS AND MISCELLANEOUS ISSUES

11

A. Defendant will respectfully request federal institutions at the time of sentencing. Further, the Defendant respectfully requests that this Court place in writing said recommendation of a federal correctional institution.

1. The Bureau of Prisons welcomes judicial recommendations (see *BOP Program Statement 5100.07*) and by statute it is required to consider them. 18 U.S.C. Section 3621(a)(4)(B). Specifically, a prison within Florida would be preferable because:

   a. Federal prisons and not contract facilities are the most beneficial for inmate rehabilitation.

      1.) Bureau statistics show that it honors judicial recommendations in the overwhelming majority of cases in which a defendant qualifies for a particular recommended institution if there are reasons on the record to support such a designation.

## CONCLUSION

WHEREFORE, the Defendant, Ramiro Arturo Garcia Trujillo, by and through undersigned counsel respectfully requests this Court sentence the Defendant to a term of imprisonment that is several years less than the minimum mandatory sentence or in the alternative to the minimum term of incarceration. In the event that the Court determines that it is by statute restrained from sentencing Mr. Garcia to a term of imprisonment below the minimum mandatory sentence, then Mr. Garcia requests that the Court determine his USSG level at a level which is substantially less than the USSG level which is suggested in the PSR's total level calculation.

                                                                          Respectfully submitted,

                                                                          By: /s/ Ronald Marzullo
Ronald Marzullo, Esquire
Florida Bar No.: 613177
P. O. Box 1205
Valrico, Fl. 33595
Tel: (813) 662 3080
Facsimile: (813) 684 2299
Email: marzullorj2@aol.com

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY on March 15, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to all attorneys of record.

                                                                              /s/ Ronald Marzullo

                                                                                 Ronald Marzullo